UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREMAYNE LAMAR HOLLINS,

        Movant,

                                    File No. 1:10-cv-768

v.

                                    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

                                  /

## **O P I N I O N**

This matter comes before the Court on Movant Tremayne Lamar Hollins's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Movant was indicted on January 1, 2007, on the following charge: conspiracy to possess with the intent to distribute and to distribute more than 5 kilograms of cocaine powder, 50 grams of cocaine base, and 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. *United States v. Shank, et. al*, Case No. 1:07-cr-6-4. Movant pleaded guilty on August 10, 2007, and was sentenced on November 16, 2007, to a term of 120 months' imprisonment. (1:07-cr-6-4, Dkt. No. 394, J.) Movant did not appeal, and filed his § 2255 motion on August 3, 2010. (Dkt. No. 1.)

**II.**

In its response, the government contends that Movant's motion is untimely. (Dkt. No. 12). Upon this Court's consideration of the motion, it plainly appears that Movant is not

entitled to relief. A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. Judgment was entered in this case on November 20, 2007. (1:07-cr-6-4, Dkt. No. 394, J.) Because there was no direct appeal, the judgment of conviction became final when the time for filing a direct appeal expired, which was ten days after the entry of judgment, or on or about November 30, 2007.[1] Movant had one year in which to timely file a motion under § 2255. This period expired on November 30, 2008. The instant motion was filed on August 3, 2010, nearly one year and ten months after the statute of limitations expired. Accordingly, absent equitable tolling of the statute of limitations period, Movant's action is time-barred.

---

[1] *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

The one-year statute of limitations contained in § 2255 is not jurisdictional and it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A court "must accord the parties fair notice and an opportunity to present their positions" before a petition is dismissed sua sponte on statute of limitations grounds. *Day v. McDonough*, 547 U.S. 198, 210 (2006). This Court, on November 8, 2011, notified Movant of the government's response to his motion, providing notice that the time-bar issue was possible in his case. (1:10-cv-768, Dkt. No. 14.) Movant was given 14 days to reply, amend, and/or supplement the motion, but did not do so.

The applicable limitations period is subject to equitable tolling, allowing courts to "toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, --- F.3d ---, 2011 WL 5965837 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted)); *see Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is granted "sparingly." *Robertson*, 624 F.3d at 784. A movant in a habeas petition is entitled to equitable tolling only if two requirements are met. First, the movant must establish "that he has been pursuing his rights diligently." *Holland*, 130 S. Ct. at 2562 (internal quotation marks omitted). Second, the movant must also show "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted).

In his motion, Movant explains that he was abandoned by his attorneys, including one who had promised to "file a post sentencing motion" (Dkt. No. 2, Mem. 6.) Movant adds that equitable tolling should apply because of the attorney's broken promises and misrepresentations upon which he relied. (Dkt. No. 2, Mem. 6-7.) Movant's explanations fail to show either that he was diligently pursuing his rights or that extraordinary circumstances beyond his control prevented him from filing in a timely manner.

In support of his equitable tolling argument, Movant cites *United States v. Martin*, 408 F.3d 1089, 1095-96 (8th Cir. 2005), and *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). In *Martin*, the Eighth Circuit held that, although "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance . . . serious attorney misconduct, as opposed to mere negligence, 'may warrant equitable tolling.'" 408 F.3d at 1093. Likewise, in *Wynn*, the Fifth Circuit held that "allegations that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations." 292 F.3d at 230. Both of these cases present circumstances clearly distinguishable from those in Movant's case. *Martin* and *Wynn* involve express misrepresentations on counsel's behalf. *See Martin*, 204 F.3d at 1090-01; *Wynn*, 292 F.3d at 228-29.

Movant has failed to meet the burden necessary to show either extraordinary circumstances or due diligence. Movant claims only that Counsel represented the intent to

4

file a motion and that Movant had yet to receive any filings. (Dkt. No. 2, Mem. 6.) He does not provide further contact from Counsel beyond a November 24, 2008 letter indicating acknowledgment of the case, and cannot show egregious conduct on Counsel's behalf which would constitute extraordinary circumstances. Movant has also failed to show what steps he himself took in diligent pursuit of his § 2255 claim. "[T]he party seeking equitable tolling must have acted with reasonable diligence throughout the period he needs to toll." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2010). Movant has not shown why he failed to take any steps towards filing a motion in the nearly two years between the filing deadline and his eventual date of filing. "Absent a satisfactory explanation for his failure to timely file his habeas petition, Petitioner has failed to exercise due diligence in pursuing his claim." *Dunlap*, 250 F.3d at 1010. Because Movant did not act with reasonable diligence in pursuing his claim, he is not entitled to tolling of the statute of limitations.

Accordingly, no evidentiary hearing is required and Movant's motion to vacate, set aside, or correct his sentence will be dismissed as time-barred.

### III.

Pursuant to 28 US.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket

denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

   An order and judgment consistent with this opinion shall be entered.


Dated: December 7, 2011              /s/ Robert Holmes Bell
                            ROBERT HOLMES BELL
                            UNITED STATES DISTRICT JUDGE